# COMMONWEALTH OF MASSACHUSETTS
## HAMPDEN COUNTY
### Docket Report

**2379CV00363 Bruderman, James M. vs. Mercury Public Affairs LLC et al**

| | |
|---|---|
| **CASE TYPE:** Torts | **FILE DATE:** 07/27/2023 |
| **ACTION CODE:** B15 | **CASE TRACK:** A - Average |
| **DESCRIPTION:** Defamation | |
| **CASE DISPOSITION DATE:** 09/11/2023 | **CASE STATUS:** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** 09/11/2023 |
| **CASE JUDGE:** | **CASE SESSION:** Civil B - Ct. Rm. 6 |

## PARTIES

**Plaintiff**
Bruderman, James M.
114 Crescent Rd.
Longmeadow, MA 01106

**Attorney** — PROPER
Pro Se
Massachusetts Bar
Added Date: 07/27/2023

**Defendant**
Mercury Public Affairs LLC

**Attorney** — 655007
Christopher J Marino
Davis Malm and D'Agostine, P.C.
Davis Malm and D'Agostine, P.C.
One Boston Place
Suite 3700
Boston, MA 02108
Work Phone (617) 367-2500
Added Date: 09/07/2023

**Attorney** — 677588
James Edward Gallagher
Davis Malm and D'Agostine, P.C.
Davis Malm and D'Agostine, P.C.
One Boston Place
37th Floor
Boston, MA 02108
Work Phone (617) 589-3883
Added Date: 09/11/2023

**Defendant**
Tomlin, John

**Attorney** — 655007
Christopher J Marino
Davis Malm and D'Agostine, P.C.
Davis Malm and D'Agostine, P.C.
One Boston Place
Suite 3700
Boston, MA 02108
Work Phone (617) 367-2500
Added Date: 09/07/2023

**Attorney** — 677588
James Edward Gallagher
Davis Malm and D'Agostine, P.C.
Davis Malm and D'Agostine, P.C.
One Boston Place
37th Floor
Boston, MA 02108
Work Phone (617) 589-3883
Added Date: 09/11/2023

A TRUE COPY
OF THE DOCKET MINUTES
IN WITNESS WHEREOF, I hereunto set my hand, and have caused the seal of the Superior Court for the County of Hampden to be affixed on this 13th day of September, 2023
Barbara Holubecki
Deputy Asst. Clerk



**COMMONWEALTH OF MASSACHUSETTS**
**HAMPDEN COUNTY**
**Docket Report**

| | FINANCIAL DETAILS | | | | |
|---|---|---|---|---|---|
| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
| 07/27/2023 | Civil Filing Fee (per Plaintiff) Receipt: 32194 Date: 07/28/2023 | 240.00 | 240.00 | 0.00 | 0.00 |
| 07/27/2023 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 32194 Date: 07/28/2023 | 20.00 | 20.00 | 0.00 | 0.00 |
| 07/27/2023 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 32194 Date: 07/28/2023 | 15.00 | 15.00 | 0.00 | 0.00 |
| 07/27/2023 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b Receipt: 32194 Date: 07/28/2023 | 10.00 | 10.00 | 0.00 | 0.00 |
| | Total | 285.00 | 285.00 | 0.00 | 0.00 |

COMMONWEALTH OF MASSACHUSETTS
HAMPDEN COUNTY
Docket Report

## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|---|---|---|---|
| 07/27/2023 | | Attorney appearance<br>On this date Pro Se added for Plaintiff James M. Bruderman | |
| 07/27/2023 | | Case assigned to:<br>DCM Track A - Average was added on 07/27/2023 | |
| 07/27/2023 | 1 | Original civil complaint filed. | |
| 07/27/2023 | 2 | Civil action cover sheet filed. | |
| 07/27/2023 | | Demand for jury trial entered. | |
| 07/27/2023 | | EDocument sent:<br>A Tracking Order was generated and sent to:<br>Plaintiff: James M. Bruderman jim.bruderman@comcast.net | |
| 09/07/2023 | 3 | Party(s) file Stipulation<br>to answer<br><br>Applies To: Mercury Public Affairs LLC (Defendant); Tomlin, John (Defendant) | |
| 09/07/2023 | | Attorney appearance<br>On this date Christopher J Marino, Esq. added for Defendant Mercury Public Affairs LLC | |
| 09/07/2023 | | Attorney appearance<br>On this date Christopher J Marino, Esq. added for Defendant John Tomlin | |
| 09/07/2023 | 4 | Summons, returned SERVED<br><br>Applies To: Mercury Public Affairs LLC (Defendant) | |
| 09/11/2023 | 5 | Defendants Mercury Public Affairs LLC, John Tomlin's Notice of Removal and Request for Certified Records | |
| 09/11/2023 | | Attorney appearance<br>On this date James Edward Gallagher, Esq. added for Defendant Mercury Public Affairs LLC | |
| 09/11/2023 | | Attorney appearance<br>On this date James Edward Gallagher, Esq. added for Defendant John Tomlin | |
| 09/11/2023 | | REMOVED to the U.S. District Court | |
| 09/11/2023 | | Disp for statistical purposes | |
| 09/11/2023 | | Case transferred to another court. | |

| Summons | CIVIL DOCKET NO. 23 0363 | Trial Court of Massachusetts The Superior Court  |
|---|---|---|
| CASE NAME: JAMES M. BRUDERMAN Plaintiff(s) vs. MERCURY PUBLIC AFFAIRS LLC, and JOHN TOMLIN Defendant(s) | | Laura S. Gentile — Clerk of Courts Hampden — County COURT NAME & ADDRESS: Hampden Superior Court Roderick L. Ireland Courthouse 50 State Street Springfield, MA 01103 HAMPDEN COUNTY SUPERIOR COURT FILED SEP 07 2023 |

THIS SUMMONS IS DIRECTED TO MERCURY PUBLIC AFFAIRS, LLC (Defendant's name)

— CLERK OF COURTS

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the Hampden Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

 a) Filing your **signed original** response with the Clerk's Office for Civil Business, Hampden Superior Court P.O. Box 559 Springfield, MA 01102 (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal. **AND**

A true copy.
Attest:

 b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

Barbara Holybecki
Deputy Assistant Clerk

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

4

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger    Chief Justice on _____, 20___ (Seal)

Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

A true copy.
Attest:
Barbara Holubecki
Deputy Assistant Clerk

## PROOF OF SERVICE OF PROCESS

I hereby certify that on 8/10/23, I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

JOAB HUNT - SR. ASSOCIATE - 3:06 P.M.

Dated: 8/10/23

STATE OF NEW YORK )
S.S.:
COUNTY OF NEW YORK )
Sworn to before me this 10 day of August, 2023

Signature: Rolit mill

JONATHAN RIPPS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01RI6109718
Qualified in New York County
My Commission Expires May 17, 2024

**N.B. TO PROCESS SERVER:**
PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: 8/10/23

rev. 7/2022

**DLS DEMOVSKY LAWYER SERVICE**
Premier Nationwide Document Retrieval and Process Service Company
800-443-1058

TRIAL COURT OF MASSACHUSETTS
THE SUPERIOR COURT
-------------------------------------------------------X
JAMES M. BRUDERMAN,

        Plaintiff,

  v.

MERCURY PUBLIC AFFAIRS LLC, et al,

        Defendants.
-------------------------------------------------------X

Civil Docket No. 23-0363

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK  }
        S.S.
COUNTY OF NEW YORK}

    **ROBERT MILLS**, being duly sworn, deposes and says that he is over eighteen years of age, is employed by the attorney service, DLS, INC., and is not a party to this action.

    That on the 10th day of August, 2023, at approximately the time of 3:06pm, deponent served a true copy of the **SUMMONS and COMPLAINT** upon **MERCURY PUBLIC AFFAIRS LLC** at 200 Varick Street, Suite 600, New York, NY 10014, by personally delivering and leaving the same with **JOAB HUNT,** who informed deponent that he holds the position of a Senior Associate with that company and is authorized by appointment to receive service at that address.

    **JOAB HUNT** is a white male, approximately 50 years of age, stands approximately 5 feet 9 inches tall, weighs approximately 175 pounds with black hair and dark eyes.

*[signature]*
**ROBERT MILLS, #1004208**

Sworn to before me this
15th day of August, 2023

*[signature]*
NOTARY PUBLIC

JONATHAN RIPPS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01RI6109718
Qualified in New York County
My Commission Expires May 17, 2024

# 291882

D.L.S., Inc.
401 Broadway
Ste. 808
New York, NY 10013
212-925-1220
www.dlsnational.com

SUPREME COURT OF THE STATE OF MASSACHUSETTS
COUNTY OF HAMPDEN

JAMES M. BRUDERMAN,

                      Plaintiff,

-against

MERCURY PUBLIC AFFAIRS LLC, and JOHN TOMLIN,

                      Defendants.

23 0363

1. James M. Bruderman, representing himself for this Complaint against defendants Mercury Public Affairs LLC ("Mercury") and John Tomlin ("Tomlin"), alleges as follows:

- PARTIES -

2. Plaintiff James M. Bruderman is an individual residing in Hampden County, Massachusetts.

3. Defendant Mercury Public Affairs LLC is a foreign limited liability company with its principal place of business at 200 Varick Street, Suite 600, New York, New York 10014.

4. Defendant John Tomlin is an individual and was a Senior Vice President at Mercury. Upon information and belief, Tomlin resides in New York.

5. Venue is proper in this court because Plaintiff currently resides in Hampden County and has resided in Hampden County continuously since the earliest occurrence of the allegations leading to this complaint.

- FACTUAL ALLEGATIONS -

6. From September 2019 through May of 2022 Plaintiff had been involved in a business dispute, including litigation in New York State court and arbitration before JAMS and FINRA, with Gary M. Goldberg ("Goldberg"), a former employee of two businesses managed by Plaintiff and owned by Plaintiff's brother.

7. Plaintiff, Plaintiff's Employer and Plaintiff's brother ultimately prevailed in JAMS Arbitration and New York Supreme Court on all actions against Goldberg including a finding in favor of Plaintiff against Goldberg for defamation per se.

8. Plaintiff and related parties have not collected a single cent of over $14 million in collective damages due from Goldberg.

9. In October 2019 Goldberg was fired by his employers for, inter alia, stealing from his employers.

10. After being fired for stealing and other wrongs against his employers, Goldberg began to threaten Plaintiff with financial ruin and other harm to Plaintiff and to members of Plaintiff's family.

11. As part of his plan to "destroy" Plaintiff and harm Plaintiff and Plaintiff's family, Goldberg hired defendants Mercury and Tomlin to mount a negative publicity campaign against Plaintiff.

12. Mercury claims to be a "high-stakes public strategy firm" that "know[s] what it takes to win in difficult situations."

13. Tomlin was employed as a Senior Vice President in Mercury's New York City office. Mercury's website described Tomlin as a "senior operative."

14. Upon information and belief, the high-stakes public strategy firm and its senior operative realized that Goldberg was in a difficult situation: after a long career marked by numerous claims against him by regulatory agencies and former customers, Goldberg had been rightly fired by his employers. The truth about Goldberg's relationship with his employers would not be very useful in furthering Goldberg's plan to harm Plaintiff, so Mercury and Tomlin decided to ignore the truth and "win" for Goldberg by creating a website that promoted lies about Plaintiff.

15. On or about July 28, 2020, Defendants published a website at the address brudermantruth.com (the "Smear Campaign").

16. The Smear Campaign website prominently displayed pictures of Plaintiff and asserted that Plaintiff and his brother were facing millions of dollars of lawsuits from creditors, ex-employees and "many others".

17. This was a lie.

18. Plaintiff has never been sued by creditors, has never had tax liens filed against him, and had never been named or otherwise involved in any lawsuit until Gary Goldberg personally named him in a frivolous lawsuit that did not include a single claim or action against Plaintiff.

19. The Smear campaign web site prominently concluded: "How could the Bruderman brothers be trusted to manage other people's money if they can't manage their own?"

20. The smear campaign website was directed at Plaintiff's business and profession with the intended goal of undermining public confidence in his professional capabilities and destroying his career.

21. The Smear Campaign was defamatory per se.

22. The Smear Campaign website included links to purported lawsuits; none of which named, or alleged the involvement, of Plaintiff.

23. Defendants knew when they published the Smear Campaign that all assertions about Plaintiff were false.

- FIRST CAUSE OF ACTION FOR DEFAMATION - LIBEL   -

24. Plaintiff repeats and re-alleges each and every allegation heretofore made in paragraphs 1 through 27 as if fully set forth herein.

25. The Smear Campaign was published via the website at brudermantruth.com.

26. Upon information and belief, the Smear Campaign was published to thousands of individuals.

27. Goldberg directed customers of his former employers to the website where the Smear Campaign was published.

28. Upon information and belief, defendants used their expertise and business connections to help Goldberg promote the Smear Campaign over social media, print, and online media including Crain's New York Business.

29. Upon information and belief, defendants attempted to identify business associates, family, and friends of Plaintiff and to direct those persons to the Smear Campaign website.

30. Upon information and belief, defendants assisted Goldberg in procuring a billboard truck to drive around plaintiff's hometown of Longmeadow Massachusetts on January 11, 2021; disparaging plaintiff while promoting the smear campaign website.

31. Plaintiff has suffered damages as a result of Defendants' actions.

32. Plaintiff has been harmed in an amount to be determined at trial by jury and believed to be in excess of one million dollars.

WHEREFORE, Plaintiff demands judgment against Defendants for damages in the amount to be determined at a trial by jury, but in no event to be less than $1 million, and for attorney fees and costs, and providing such further and different relief as this Court deems just and proper.

Dated: Longmeadow, Massachusetts July 27, 2023

_____
James Bruderman
Plaintiff

SUPERIOR COURT OF MASSACHUSETTS
HAMPDEN COUNTY

JAMES M. BRUDERMAN,

        Plaintiff,

-against-

MERCURY PUBLIC AFFAIRS, LLC and JOHN TOMLIN,

        Defendants.

Civil Docket Number 23-0363

**STIPULATION**

**09/07/2023**

    **WHEREAS**, on July 27, 2023, Plaintiff James M. Bruderman ("Plaintiff") filed a Complaint in this Action;

    **WHEREAS**, on August 10, 2023, Plaintiff served the Complaint along with a Summons on Defendant Mercury Public Affairs, LLC;

    **WHEREAS**, Plaintiff has not yet served the Complaint on Defendant John Tomlin, and the under-signed counsel for Mr. Tomlin has agreed to accept service on behalf of Mr. Tomlin;

    **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties hereto through their undersigned counsel, as follows:

1.     The Defendants' deadline to answer or otherwise respond to the Complaint is extended to, and or set at, September 20, 2023;

2.     This Stipulation may be executed in counterparts with faxed or electronic signatures deemed as valid as originals.

4460410.1 022728-0700-007

Dated: Boston, Massachusetts
August 29, 2023

_____
Christopher J. Marino, BBO# 655007
**DAVIS, MALM & D'AGOSTINE, P.C.**
One Boston Place, 37th Floor
Boston, MA 02108
(617) 367-2500
cmarino@davismalm.com

**DAVIS + GILBERT LLP**
Guy Cohen, *Pro Hac Vice* Forthcoming
Daniel Finnegan, *Pro Hac Vice* Forthcoming
1675 Broadway
New York, New York 10019
(212) 468-4800
gcohen@dglaw.com
dfinnegan@dglaw.com

*Attorneys for Defendants*

_____
James M. Bruderman
*Plaintiff*

A true copy.

Attest:

Barbara Holnbeck
~~Deputy~~ Assistant Clerk

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 23 0363 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Hampden |

| | |
|---|---|
| **Plaintiff** James M. Bruderman | **Defendant:** Mercury Public Affairs |
| ADDRESS: 114 Crescent Rd | ADDRESS: |
| Longmeadow, Massachusetts 01106 | Mercury: 200 Varick Street, Suite 600, New York, New York 10014 |
| Jim.Bruderman@Comcast.net | |
| **Plaintiff:** | **Defendant:** John Tomlin |
| ADDRESS: | ADDRESS: New York |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B15 | Defamation | A | ☒ YES ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☐ YES  ☒ NO
Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

### TORT CLAIMS

A. Documented medical expenses to date
   1. Total hospital expenses
   2. Total doctor expenses
   3. Total chiropractic expenses
   4. Total physical therapy expenses
   5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages               $1,000,000.00
F. Other documented items of damages (describe below)
Reputational Damage

TOTAL (A-F): $1,000,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:
Defendants published and promoted libelous, untrue statements that caused harm to plaintiff

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

*Attest: Barbara Holybecker Deputy Assistant Clerk*

Signature of Attorney/Self-Represented Plaintiff: X _____    Date: _____

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X _____     Date: 7/27/2023

SC0001: 1/13/2023            www.mass.gov/courts            Date/Time Printed: 07-27-2023 11:22:49

2

SUPREME COURT OF THE STATE OF MASSACHUSETTS
COUNTY OF HAMPDEN

JAMES M. BRUDERMAN,

                    Plaintiff,

    -against-

MERCURY PUBLIC AFFAIRS LLC, and JOHN TOMLIN,

                    Defendants.

23 0363

1. James M. Bruderman, representing himself for this Complaint against defendants Mercury Public Affairs LLC ("Mercury") and John Tomlin ("Tomlin"), alleges as follows:

- PARTIES -

2. Plaintiff James M. Bruderman is an individual residing in Hampden County, Massachusetts.

3. Defendant Mercury Public Affairs LLC is a foreign limited liability company with its principal place of business at 200 Varick Street, Suite 600, New York, New York 10014.

4. Defendant John Tomlin is an individual and was a Senior Vice President at Mercury. Upon information and belief, Tomlin resides in New York.

5. Venue is proper in this court because Plaintiff currently resides in Hampden County and has resided in Hampden County continuously since the earliest occurrence of the allegations leading to this complaint.

- FACTUAL ALLEGATIONS -

6. From September 2019 through May of 2022 Plaintiff had been involved in a business dispute, including litigation in New York State court and arbitration before JAMS and FINRA, with Gary M. Goldberg ("Goldberg"), a former employee of two businesses managed by Plaintiff and owned by Plaintiff's brother.

7. Plaintiff, Plaintiff's Employer and Plaintiff's brother ultimately prevailed in JAMS Arbitration and New York Supreme Court on all actions against Goldberg including a finding in favor of Plaintiff against Goldberg for defamation per se.

8. Plaintiff and related parties have not collected a single cent of over $14 million in collective damages due from Goldberg.

9. In October 2019 Goldberg was fired by his employers for, inter alia, stealing from his employers.

10. After being fired for stealing and other wrongs against his employers, Goldberg began to threaten Plaintiff with financial ruin and other harm to Plaintiff and to members of Plaintiff's family.

11. As part of his plan to "destroy" Plaintiff and harm Plaintiff and Plaintiff's family, Goldberg hired defendants Mercury and Tomlin to mount a negative publicity campaign against Plaintiff.

12. Mercury claims to be a "high-stakes public strategy firm" that "know[s] what it takes to win in difficult situations."

13. Tomlin was employed as a Senior Vice President in Mercury's New York City office. Mercury's website described Tomlin as a "senior operative."

14. Upon information and belief, the high-stakes public strategy firm and its senior operative realized that Goldberg was in a difficult situation: after a long career marked by numerous claims against him by regulatory agencies and former customers, Goldberg had been rightly fired by his employers. The truth about Goldberg's relationship with his employers would not be very useful in furthering Goldberg's plan to harm Plaintiff, so Mercury and Tomlin decided to ignore the truth and "win" for Goldberg by creating a website that promoted lies about Plaintiff.

15. On or about July 28, 2020, Defendants published a website at the address brudermantruth.com (the "Smear Campaign").

16. The Smear Campaign website prominently displayed pictures of Plaintiff and asserted that Plaintiff and his brother were facing millions of dollars of lawsuits from creditors, ex-employees and "many others".

17. This was a lie.

18. Plaintiff has never been sued by creditors, has never had tax liens filed against him, and had never been named or otherwise involved in any lawsuit until Gary Goldberg personally named him in a frivolous lawsuit that did not include a single claim or action against Plaintiff.

19. The Smear campaign web site prominently concluded: "How could the Bruderman brothers be trusted to manage other people's money if they can't manage their own?"

20. The smear campaign website was directed at Plaintiff's business and profession with the intended goal of undermining public confidence in his professional capabilities and destroying his career.

21. The Smear Campaign was defamatory per se.

22. The Smear Campaign website included links to purported lawsuits; none of which named, or alleged the involvement, of Plaintiff.

23. Defendants knew when they published the Smear Campaign that all assertions about Plaintiff were false.

- FIRST CAUSE OF ACTION FOR DEFAMATION - LIBEL -

24. Plaintiff repeats and re-alleges each and every allegation heretofore made in paragraphs 1 through 27 as if fully set forth herein.

25. The Smear Campaign was published via the website at brudermantruth.com.

26. Upon information and belief, the Smear Campaign was published to thousands of individuals.

27. Goldberg directed customers of his former employers to the website where the Smear Campaign was published.

28. Upon information and belief, defendants used their expertise and business connections to help Goldberg promote the Smear Campaign over social media, print, and online media including Crain's New York Business.

29. Upon information and belief, defendants attempted to identify business associates, family, and friends of Plaintiff and to direct those persons to the Smear Campaign website.

30. Upon information and belief, defendants assisted Goldberg in procuring a billboard truck to drive around plaintiff's hometown of Longmeadow Massachusetts on January 11, 2021; disparaging plaintiff while promoting the smear campaign website.

31. Plaintiff has suffered damages as a result of Defendants' actions.

32. Plaintiff has been harmed in an amount to be determined at trial by jury and believed to be in excess of one million dollars.

WHEREFORE, Plaintiff demands judgment against Defendants for damages in the amount to be determined at a trial by jury, but in no event to be less than $1 million, and for attorney fees and costs, and providing such further and different relief as this Court deems just and proper.

Dated: Longmeadow, Massachusetts July 27, 2023

A true copy.
Attest:
Barbara Holuhecki
Deputy Assistant Clerk

James Bruderman
Plaintiff